

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTONIO MARTINEZ-MUNOZ, | No.    16-71912 |
| Petitioner, | Agency No. A087-968-059 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019[**]

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Antonio Martinez-Munoz, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing Martinez's

appeal from an immigration judge's ("IJ") decision denying Martinez's application

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for withholding of removal and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252.

Where the BIA adopts the IJ's decision and also provides its own review of the evidence and the law, we review both the IJ and the BIA's decisions. *See Ali v. Holder*, 637 F.3d 1025, 1028-29 (9th Cir. 2011). We review de novo questions of law. *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008). We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's conclusion that Martinez failed to establish that he would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Neither Martinez nor his family have suffered violence in Mexico or received threats from anyone in Mexico. To the extent that Martinez argues that he would be targeted upon return because of perceived wealth related to his return from the United States, this does not constitute membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (explaining cognizability standard) (citing *Matter of M-*

2

*E-G-V-*, 26 I & N Dec. 227, 237 (BIA 2014)); *see also Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) ("imputed wealthy Americans" returning to Mexico did not constitute a particular social group). Our conclusion is not affected by the differing nexus standards applicable to asylum and withholding of removal claims. *Cf. Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (discussing *Zetino v. Holder* having drawn no distinction between the standards where there was no nexus at all to a protected ground). Thus, Martinez's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Martinez failed to show it is more likely than not that he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative). The record contains no evidence that compels reversal of the agency's conclusion that Martinez would be tortured upon return to Mexico.

Martinez has not stated a due process violation in the agency's decision to deny him a continuance to pursue relief under the Deferred Action for Parents of Americans (DAPA) program. *See Biwot v. Gonzales*, 403 F.3d 1094, 1099 (9th Cir. 2005) ("Absent a showing of clear abuse, we typically do not disturb an IJ's

3

discretionary decision not to continue a hearing."). Because the DAPA program was never implemented, and later formally rescinded, Martinez cannot demonstrate prejudice. *See Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010) (to state a due process violation a petitioner must show prejudice). To the extent Martinez argues that the denial of the continuance deprived him of the opportunity to apply for prosecutorial discretion, this argument was not raised before the BIA, and we lack jurisdiction to consider it. 8 U.S.C. § 1252(d)(1); *Figueroa v. Mukasey*, 543 F.3d 487, 492 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**